# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL ACTION 08-077-KD-B |
| ) | |
| CHRISTOPHER FOUNTAIN, ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On November 30, 2011, the Court ordered Defendant Christopher Fountain to show cause within 30 days as to why his motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) should not be denied. (Doc. 67). The Court explained in the order to show cause that it had determined that it lacked jurisdiction to reduce Defendant's sentence because the variance sentence initially imposed by the Court was equal to the low end of the amended guideline range that would result from retroactive application of Sentencing Guidelines Amendment 750. (Id. at 1-2). The order also noted that: 1) the Sentencing Guidelines preclude district courts acting pursuant to § 3582(c)(2) from reducing a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range (except where the sentencing court originally imposed a below guidelines sentence to reflect the defendant's substantial assistance) (id. at 2 (citing U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (2011))); and 2) the restriction on imposition of below-amended-range sentences also applies where, as here, the term of imprisonment originally imposed was outside the guideline range applicable to the defendant at the time of sentencing (id. (citing § 1B1.10 cmt. 3)). The Court denied Defendant's motions on December 30, 2011, after 30 days had passed from the date of the show cause order without receipt of any response from Defendant. (Doc. 68). However, four

days later, the Court received Defendant's response, which was dated and postmarked on December 29, 2011. (Doc. 69). Though Defendant's argument does not cause the Court to revisit its previous order, the Court will, in the interest of fairness, avail itself of this opportunity to explain why Defendant's argument lacks merit.

In his response, Defendant acknowledges that the Court's "recitation" of Section 1B1.10 was "wholly accurate." (Id. at 1). However, Defendant contends that, because the Supreme Court has held that the Sentencing Guidelines are merely advisory, Section 1B1.10 — despite what it clearly says — cannot restrain the Court from reducing Defendant's sentence below the amended guideline range that results from retroactive application of a Sentencing Guidelines amendment. (Id. at 1-4 (citing United States v. Booker, 543 U.S. 220 (2005))).

Defendant's argument is foreclosed by Supreme Court and Eleventh Circuit precedent. In the waning days of the October 2009 Term, the Supreme Court held that Booker does not apply to § 3582(c)(2) proceedings and that § 1B1.10 prohibits courts acting under § 3582(c)(2) from reducing a defendant's sentence below the minimum of an amended guideline range. Dillon v. United States, 130 S. Ct. 2683, 2690-93 (2010). The Eleventh Circuit reached the same conclusion more than a year prior. See United States v. Melvin, 556 F.3d 1190, 1192-94 (11th Cir. 2009) (holding that Booker does not apply to § 3582(c)(2) proceedings and remanding with instructions to impose a sentence not less than the minimum of the amended guideline range). The undersigned's decision to deny Defendant's motions in light of the limitation expressed in § 1B1.10(b)(2) is in full accord with these authorities.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **6th** day of **January 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**